IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL RAYMOND TAYLOR, #580058 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv159 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

Petitioner Michael Raymond Taylor, an inmate confined at the Powledge Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus complaining that he had been denied credit for time spent on parole. The petition was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied. The Petitioner has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Petitioner are without merit.

Magistrate Judge Guthrie listed two reasons why the petition should be denied. First of all, a recommendation was made to dismiss the petition as time-barred. The Petitioner was convicted of the offense of robbery on January 23, 1991, for an offense that was committed on January 1, 1991. The present petition concerns the revocation of his parole, which occurred on September 7, 2006. He would have learned at that time that he was not going to receive credit for the time he spent on parole, which is commonly referred to as street time. He had one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" to file the present petition. 28 U.S.C. § 2244(d)(1)(D). The present petition should have

been filed by September 7, 2007, in the absence of tolling provisions. It was not filed until April 1, 2009. Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The Petitioner filed an application for a writ of habeas corpus in state court on May 13, 2008. By then, the present petition was already time-barred, and the pendency of the state application did not effectively toll the deadline.

In his objections, the Petitioner asserted that he discovered that robbery was not a "3g" offense and that he was eligible for mandatory supervision and credit for street time around May 13, 2008, thus he argued that the statute of limitations should not have started running until then. It is noted that "3g" refers to Tex. Code Crim. Proc. Ann. art. 42.12 § 3g, concerning eligibility for release on mandatory supervision. *See Ex parte Schroeter*, 958 S.W.2d 811 (Tex. Crim. App. 1997). The Fifth Circuit recently held that the test of due diligence under § 2244(d)(1)(D) is objective, as opposed to subjective. *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008). The Petitioner could have discovered through the exercise of due diligence that he was not going to receive credit for street time at the time his parole was revoked. Any efforts to challenge the fact that he was not going to receive credit for street time should have begun at that time. Magistrate Judge Guthrie correctly concluded that the statute of limitations started running at the time. The fact that he may have misunderstood the law did not change the starting date under § 2244(d)(1)(D). The objections lack merit.

Magistrate Judge Guthrie also found that he was not entitled to relief because the Petitioner did not show, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).

The state habeas court found that the Petitioner was not entitled to credit for street time in light of Tex. Gov't Code Ann. § 508.283(b). In 2001, the Texas Legislature enacted § 508.283. *See Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004). Any protected liberty interest in street time

2

would have been governed by the terms of § 508.283. Pursuant to § 508.283(b), an inmate is not entitled to have credit for street time if he was convicted of an offense listed in § 508.149(a). *Id.* at 392. Section 508.149(a) is the current statute listing offenses making an inmate ineligible for release on mandatory supervision. The Petitioner was convicted of second degree robbery, which is one of the enumerated offenses. Tex. Gov't Code Ann. § 508.149(a)(11). It is also noted that he was not eligible for release on mandatory supervision under the governing law at the time he was convicted. Tex. Code Crim. Pro. Ann. art. 42.18 § 8(c)(10) (Vernon Supp. 1989). The Petitioner has never been entitled to release on mandatory supervision. He has never been entitled to credit for street time. He failed to show that the state court's decision was erroneous and likewise failed to satisfy the requirements of 28 U.S.C. § 2254(d). The objections lack merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 25th day of August, 2009.**

        **LEONARD DAVIS**
        **UNITED STATES DISTRICT JUDGE**